# Exhibit A

## COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, SS.**

**SUPERIOR COURT DEPARTMENT**

CIVIL DOCKET: 2685CV00033B

SKYLAR MARIE THEROUX,
f/k/a Michael P. Theroux,
Plaintiff,

v.

AMAZON.COM SERVICES LLC,
Defendant.

**FILED**

JAN 0 2 2026

ATTEST: [signature] CLERK

# CIVIL COMPLAINT AND JURY DEMAND (1)

## I. PARTIES

1. Plaintiff, **Skylar Marie Theroux, f/k/a Michael P. Theroux** ("Plaintiff"), is a resident of the Commonwealth of Massachusetts. Plaintiff was formerly known as Michael P. Theroux at the time the related Small Claims action was filed and has since legally changed her name.
2. Plaintiff is the same individual who initiated and prosecuted the related Small Claims action in **Worcester District Court**, Docket No. **2562SC002247**, which was transferred out of the Small Claims Session pursuant to an allowed Motion to Dismiss / Transfer.
3. Defendant, **Amazon.com Services LLC** ("Amazon" or "Defendant"), is a foreign limited liability company authorized to do business in Massachusetts, with a principal place of business at 410 Terry Avenue North, Seattle, Washington 98109, and operating multiple facilities within the Commonwealth, including Worcester County with a local site location (not for serving legal documents) 515 Douglas Road, Uxbridge, MA, 01538 using a registered agent Corporation Service Company 84 State Street, Boston, MA, 02109.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to **M.G.L. c. 212, § 4**, and personal jurisdiction over Defendant because Defendant conducts substantial business in Massachusetts and the acts complained of occurred within the Commonwealth.
5. Venue is proper in **Worcester County** pursuant to **M.G.L. c. 223, § 1**, because Defendant maintains facilities and conducts business in Worcester County and because a substantial part of the events or omissions giving rise to the claims occurred in or had effects in this county. Plaintiff worked at the ORH3 Charlton Location and then applied

1

for a promotion and was transferred to ORH5, went on paid medical leave and was terminated.

6. This action is properly before the Superior Court as a continuation of the claims originally filed in **Worcester District Court Small Claims Session**, Docket No. **2562SC002247**, which were transferred due to the nature, scope, and amount of damages sought.

# III. FACTUAL ALLEGATIONS

## A. Employment, Protected Status, and Protected Activity

7. Plaintiff is a transgender woman and a member of protected classes under **M.G.L. c. 151B**, including sex, gender identity, and disability.
8. Plaintiff was employed by Amazon in Massachusetts and performed her job duties satisfactorily.
9. During her employment, Plaintiff was subjected to **sexual harassment** at her initial Amazon work location.
10. Plaintiff opposed that conduct and pursued legal remedies related to sexual harassment, which constitutes **protected activity** under Massachusetts law.

## B. Medical Disability and Approved Leave

11. In or about **July 2025**, Plaintiff developed a serious medical condition that rendered her unable to perform the **essential functions of her Amazon onsite warehouse role**, including lifting, prolonged standing, and repetitive motion.
12. Plaintiff timely notified Amazon of her condition and provided medical documentation.
13. Amazon **approved Plaintiff for Short-Term Disability ("STD") leave** beginning **July 23, 2025.**
14. Based on continued medical documentation, Amazon **approved Plaintiff's STD through December 17, 2025.**
15. At all relevant times, Amazon was aware that Plaintiff remained medically disabled and unable to perform her Amazon job duties.

## C. Failure to Accommodate and Interactive Process Violations

16. Plaintiff requested reasonable accommodations, including a **transfer closer to her residence**, as her assigned Amazon worksite required a commute of approximately 2.4 **hours each way**, which aggravated her medical condition.
17. Amazon denied or failed to meaningfully consider Plaintiff's accommodation requests and **failed to engage in a good-faith interactive process**, as required by law.

## D. Investigation, Pretext, and Termination

18. While Plaintiff was on approved medical leave, Amazon initiated an investigation alleging that Plaintiff had misrepresented her medical status.

2

19. Amazon improperly **conflated Plaintiff's inability to perform Amazon warehouse duties with total incapacity to perform any activity**, ignoring job-specific medical restrictions.

20. Amazon relied on selective statements rather than Plaintiff's written medical documentation, including statements made while Plaintiff was receiving emergency medical treatment.

21. Despite approving Plaintiff's STD **through December 17, 2025**, Amazon terminated Plaintiff's employment in or about **December 2025**, characterizing the separation as an "End of Assignment" and asserting alleged misconduct related to medical leave.

22. Amazon's stated reason for termination was **false and pretextual.**

23. Amazon treated Plaintiff differently from similarly situated employees who were not transgender, not disabled, and/or who had not engaged in protected activity.

24. The termination occurred **after Plaintiff engaged in protected activity**, constituting unlawful retaliation.

## E. Harm

25. As a direct and proximate result of Amazon's actions, Plaintiff suffered:

- Loss of employment and income;
- Loss or delay of disability benefits;
- Emotional distress, humiliation, and mental anguish;
- Damage to professional reputation; and
- Disruption of medical treatment and recovery.

# IV. COUNTS

## COUNT I – Disability Discrimination

### (M.G.L. c. 151B)

26. Plaintiff realleges Paragraphs 1–25.

27. Amazon discriminated against Plaintiff because of her disability by terminating her employment and denying reasonable accommodation.

28. Amazon's conduct violates M.G.L. c. 151B.

## COUNT II – Retaliation

### (M.G.L. c. 151B)

29. Plaintiff realleges Paragraphs 1–28.

30. Plaintiff engaged in protected activity.

31. Amazon subjected Plaintiff to adverse employment actions, including termination, because of her protected activity.

32. Amazon's conduct constitutes unlawful retaliation under M.G.L. c. 151B.

3

## COUNT III – Sex and Gender Identity Discrimination

(M.G.L. c. 151B)

33. Plaintiff realleges Paragraphs 1–32.
34. Amazon discriminated against Plaintiff because of her sex and gender identity.
35. Amazon's conduct violates M.G.L. c. 151B.

## COUNT IV – Failure to Accommodate / Failure to Engage in the Interactive Process

(M.G.L. c. 151B)

36. Plaintiff realleges Paragraphs 1–35.
37. Plaintiff requested reasonable accommodations for her known disability.
38. Amazon failed to provide reasonable accommodations and failed to engage in the interactive process.
39. Amazon's conduct violates M.G.L. c. 151B.

## COUNT V – Unfair and Deceptive Acts and Practices

(M.G.L. c. 93A, §§ 2 & 9)

40. Plaintiff realleges Paragraphs 1–39.
41. Amazon engaged in trade or commerce within the meaning of M.G.L. c. 93A.
42. Amazon engaged in unfair and deceptive acts by approving Plaintiff's STD through December 17, 2025 while simultaneously terminating her for alleged misrepresentation, employing inconsistent and pretextual rationales, and failing to act in good faith during disability and accommodation processes.
43. Amazon's conduct was **willful and knowing**, or at minimum reckless.
44. Plaintiff suffered **ascertainable losses** as a result.
45. Plaintiff made a written demand for relief pursuant to M.G.L. c. 93A, § 9, or such demand is excused.

# V. DAMAGES

46. Plaintiff seeks all relief available under Massachusetts law, including:

- Back pay and front pay;
- Lost benefits;
- Emotional distress damages;
- Punitive damages;
- **Multiple damages under M.G.L. c. 93A;**
- Attorneys' fees and costs.

4

47. Plaintiff seeks damages **in excess of $1,000,000**, exclusive of interest and costs.

# VI. JURY DEMAND

48. Plaintiff demands a **trial by jury** on all issues so triable.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff;
B. Award compensatory, emotional distress, punitive, and multiple damages;
C. Award back pay, front pay, and lost benefits;
D. Award attorneys' fees and costs;
E. Grant injunctive and equitable relief; and
F. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ SKYLAR MARIE THEROUX
Plaintiff, Pro Se
75 Saint Alphonsus Street, #1412
Boston, MA, 02120
Telephone 774-418-2726
Email: therouxlegalservices@gmail.com

**\*PLAINTIFF WILL SERVE DEFENDANT INACCORADANCE WITH M.R.C.P. UPON COURT ACCCEPTANCE.**

5